UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

APR 0 2 2009

Clerk, U.S. District and
Bankruptcy Courts

Billy G. Asemani,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )      Civil Action No.    **09 0611**
                                     )
Mahmood Ahmadinejad,                 )
                                     )
            Defendant.               )
_____)

## MEMORANDUM OPINION

This civil action, brought *pro se*, was transferred from the United States District Court for the Eastern District of New York. Before the Court are the complaint and plaintiff's application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed on the ground of *res judicata*.

Plaintiff is a prisoner at the Eastern Correctional Institution in Eastover, Maryland. He sues the President of Iran in his personal and official capacities under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611 (2008), for alleged torture and false detention based on his religious beliefs. As observed by the transferring court, this Court previously dismissed on the merits plaintiff's complaint presenting the same factual allegations by Order dated June 9, 2004. *Asemani v. The Islamic Republic of Iran*, Civ. Action No. 01-2231 (Bates, J.), *aff'd* App. No. 04-7182 (D.C. Cir., Jun. 22, 2005). While acknowledging that his "torture claims are similar to what he asserted in the D.C. case," Complaint at 6, plaintiff differentiates this case from the earlier one because it is brought against "a new defendant (Ahmadinejad) whose orders caused the infliction of the injuries to Asemani." *Id.* at 6. Plaintiff's new claim is incredulous considering that the alleged events forming the basis of the complaint occurred in 2000, President

Ahmadinejad was elected to office in 2005, and plaintiff has not alleged that he gave such orders in some other capacity.

In any event, under the principle of *res judicata*, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (*quoting Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)). *Res judicata* bars the relitigation "of issues that were or *could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59 (D.C. Cir. 2002) (emphasis in original) (*quoting Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"). Because the underlying facts of this civil action existed at the time of the prior civil action, plaintiff is foreclosed from litigating the claim anew.[1]

Date: March 12, 2009

United States District Judge

---

[1] A separate Order of dismissal accompanies this Memorandum Opinion.